IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

DERRICK J. HINES and )
JAMICA S. HINES, )
 )
      Plaintiffs, )
 )
 )
vs. ) CASE NO. 3:16-0239
 ) JUDGE HAYNES/KNOWLES
 )
JP MORGAN CHASE BANK, N.A., )
et al., )
 )
      Defendants. )

## REPORT AND RECOMMENDATION

This matter is before the Court upon Defendants' "Motion to Dismiss Plaintiffs' Complaint Under Fed. R. Civ. P. 41(b)" (Docket No. 4), and Plaintiffs' "Motion for Remand . . ." (Docket No. 6). The Motions raise an interesting procedural question with regard to removal.

On February 10, 2016, Plaintiffs sued Defendants in the Chancery Court for Davidson County, Tennessee. Docket No. 1-1, p. 6-17. On February 16, 2016, Defendants filed a Notice of Removal.[1] Docket No. 1.

The Notice of Removal was filed in this Court at 3:54 P.M. CST. Unbeknownst to Defendants, however, Plaintiffs had filed a "Notice of Voluntary Non-Suit/Dismissal Pursuant to

---

[1] All Defendants, except JP Morgan Chase Bank, N.A., joined in the Notice of Removal. Docket No. 1. The Notice of Removal states, "As of the date of this Notice of Removal, Defendant JP Morgan Chase Bank, N.A. ("Chase") has not appeared." These facts, however, are not relevant to the Motions now before the Court.

Tenn. R. Civ. P. 41.01" several hours earlier in the Davidson County Chancery Court. Docket No. 4-1.

The first of the pending Motions is a Motion to Dismiss Plaintiffs' Complaint "under Fed. R. Civ. P. 41(b)." The Motion states in relevant part:

> 3. As a result of Plaintiffs' filing of the Voluntary Dismissal, there was no lawsuit to be removed to this Court.
>
> 4. Defendants have attempted to dispense this matter through a voluntary dismissal by Plaintiffs under Fed. R. Civ. P. 41(a) as Plaintiffs filed a Voluntary Dismissal in the State Court under the Tennessee Rules of Civil Procedure.
>
> 5. Despite repeated requests for Plaintiffs' stipulations to a voluntary dismissal under Fed. R. Civ. P. 41(a), Defendants have not received Plaintiffs' agreement to submit a Notice of Dismissal to this Court. . . .
>
> 6. Based on the foregoing, Defendants request that this Court dismiss this action involuntarily pursuant to Fed. R. Civ. P. 41(b).

Docket No. 4, p. 2.

Fed. R. Civ. P. 41(b) provides:

> (b) Involuntary Dismissal; Effect. *If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it.* Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule – except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 – operates as an adjudication on the merits.

(Emphasis added.)

Defendants, however, have not shown, or even alleged, that Plaintiff has failed to prosecute, to comply with the Federal Rules of Civil Procedure, or to comply with a court order. Additionally, while Defendants cite Fed. R. Civ. P. 41(a), that rule applies to situations in which

a "plaintiff" seeks to dismiss an action without a court order.

Thus, Defendants' Motion to Dismiss is inapposite.

The second of the pending Motions is a "Motion for Remand . . ." Docket No. 6. Plaintiffs argue that, before Defendants removed this action, they filed a "Notice of Voluntary Non-Suit/Dismissal pursuant to Tenn. R. Civ. P. 41.01." Docket No. 6-1. That Motion was filed in the Davidson County Chancery Court. Plaintiffs argue that, "[T]here was and is no action pending in the Davidson County Chancery Court that could be removed to this Court." Docket No. 6, p. 4. Plaintiffs argue that the filing of the non-suit notice is sufficient to end the case in the Chancery Court, even though Tenn. R. Civ. P. 41.01(3) requires that, "A voluntary nonsuit to dismiss an action without prejudice must be followed by an order of voluntary dismissal signed by the court and entered by the clerk." Plaintiffs further argue:

> In the case at hand, the notice of voluntary dismissal was filed prior to the Defendants' Notice of Removal, but the state court has not yet entered the order of voluntary dismissal as required by Rule 41.01(3). That fact, however, does not mean that the case is still pending in the state court for the purpose of removal. In fact, Tennessee law holds just the opposite in that once a voluntary dismissal is filed, that filing ends the case. The additional requirement of the entry of a final order is merely a technical and ministerial requirement solely for the purpose of computing time periods for other matters.

Docket No. 6, p. 3.

The Court agrees with Plaintiffs' analysis as set forth above. The Court, however, parts company with Plaintiffs on the issue of a "remand." As Plaintiffs recognize, the filing of the non-suit terminated the case in the State Court. There was, therefore, no case that could be properly removed to this Court.

3

Section 1441 of Title 28 is headed "Removal of civil actions." That statute provides in relevant part:

> (a) Generally. – Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district court of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place *where such action is pending.*

(Emphasis added.)

Similarly, 28 U.S.C. § 1446 provides:

> Procedure for removal of civil actions
>
> (a) Generally. – A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division *within which such action is pending* a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

(Emphasis added.)

Pursuant to the referenced statutes, only a "pending" action may be removed. As discussed above, at the time Defendants filed their Notice of Removal, there simply was no case "pending." Thus, this Court cannot "remand" anything to the State Court, because this Court has nothing to remand.

For the foregoing reasons, the undersigned recommends that both of the instant Motions (Docket Nos. 4, 6) be DENIED, and that the Clerk of this Court be directed to close this file.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to

this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
E. Clifton Knowles
United States Magistrate Judge